**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 14-4205**

―――――――――――

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ANDREW WILLIAM MCINTYRE,

             Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:11-cr-00083-BO-1)

―――――――――――

Submitted:  August 6, 2014          Decided:  August 20, 2014

―――――――――――

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

―――――――――――

Dismissed by unpublished per curiam opinion.

―――――――――――

Elisa Cyre Salmon, SALMON & GILMORE, LLP, Lillington, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew William McIntyre appeals the district court's order revoking his term of supervised release and imposing an eighteen-month sentence with no further term of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court (1) plainly erred when it admitted hearsay testimony, and (2) imposed an unreasonable sentence. McIntyre has filed a pro se brief, arguing that the district court abused its discretion by revoking his release and miscalculated his criminal history. Because McIntyre's appeal is moot, we dismiss.

In accordance with Anders, we have reviewed the record in this case and determined, as counsel concedes, that McIntyre has been released from federal custody and that his sentence did not include a term of supervised release. His challenge to his revocation and sentence is therefore moot unless he can demonstrate "collateral consequences sufficient to meet Article III's case-or-controversy requirement." United States v. Hardy, 545 F.3d 280, 284 (4th Cir. 2008) (internal quotation marks omitted); see Spencer v. Kemna, 523 U.S. 1, 11-14 (1998); Hardy 545 F.3d at 282-85. Although McIntyre summarily asserts that the federal revocation "prejudicially impacts his ongoing

2

ability to challenge his wrongful conviction" in state court, he offers no specifics to support this assertion and we perceive no such impact. Because no collateral consequences are apparent from the record, we dismiss McIntyre's appeal as moot.

This court requires that counsel inform McIntyre, in writing, of his right to petition the Supreme Court of the United States for further review. If McIntyre requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McIntyre.

We deny as moot the Government's pending motion to dismiss the appeal as untimely. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

DISMISSED